# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL TAFOYA<br><br>              Petitioner,<br><br>    v.<br><br>DAVID HOLBROOK, Warden<br><br>              Respondent. | Case No. 1:22-cv-00932-JLT-CDB  (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br>(Doc. 24) |

      Fidel Tafoya is a state prisoner proceeding through counsel with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 2, 2025, the assigned magistrate judge issued Findings and Recommendations recommending that the petition for writ of habeas corpus be denied as without merit, and that the Court decline to issue a certificate of appealability.  (Doc. 24).  Those Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  After receiving a requested extension, Petitioner filed objections on June 1, 2025.  (Doc. 27).

1        In his objections, Petitioner challenges the magistrate judge's conclusion that the state
2 court's rejection of his Sixth Amendment claim - which alleged he was denied the right to control
3 his defense and assert innocence as the defense objective - was not contrary to, or an
4 unreasonable application of, *McCoy v. Louisiana*, 584 U.S. 414 (2018).  (Doc. 27 at 3-6).
5 However, the magistrate judge did not err on 28 U.S.C. § 2254(d) deferential review in finding
6 reasonable the state court's determination under *McCoy* that counsel's presentation of Petitioner's
7 chosen defense objective, a "strong, positive defense of complete innocence" (Doc. 1 at 9) did not
8 deny Petitioner's Sixth Amendment rights.  Particularly, the  magistrate judge did not err in
9 finding reasonable the state court's finding that *McCoy* was not a basis for relief on the facts and
10 circumstances of the case and given counsel's trial management purview in arguing Petitioner's
11 defense objective.  (*See* Doc. 24 at 6-7, 12-13, citing *United States v. Audette*, 923 F.3d 1227,
12 1236 (9th Cir. 2019); *see McCoy*, 584 U.S. at 422-24).

13       Petitioner also challenges the magistrate judge's conclusion that the state court decision
14 was not based on an unreasonable determination of the facts.  (*Id.* at 5-6).  However, the
15 magistrate judge did not err on 28 U.S.C. § 2254(d) deferential review in finding reasonable the
16 state court's fact finding regarding the defense objective, strategy, and counsel's presentation
17 thereof, on the record in the case.  (Doc. 24 at 10-12).

18       Petitioner also objects to the magistrate judge's conclusion that sufficient evidence
19 supported his burglary conviction.  (*Id.* at 6-8).  However, the magistrate judge did not err on 28
20 U.S.C. § 2254(d) deferential review in finding reasonable the state court's finding of sufficient
21 evidence of intent to commit the target crimes.  (Doc. 24 at 13-16, citing *Jackson v. Virginia*, 443
22 U.S. 307 (1979)).

23       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
24 *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's
25 objections, the Court holds the Findings and Recommendations to be supported by the record and
26 proper analysis.

27       Having found that Petitioner is not entitled to relief, the Court now turns to whether a
28 certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no

1  absolute entitlement to appeal a district court's denial of his petition, and an appeal is only

2  allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.

3  § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of

4  appealability "if jurists of reason could disagree with the district court's resolution of [the

5  petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate

6  to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529

7  U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must

8  demonstrate "something more than the absence of frivolity or the existence of mere good faith on

9  his . . . part." *Miller-El*, 537 U.S. at 338.

10      In the present case, the Court finds that reasonable jurists would not find the Court's

11  determination that the petition should be denied debatable or wrong, or that Petitioner should be

12  allowed to proceed further. Petitioner has not made the required substantial showing of the denial

13  of a constitutional right. Therefore, the Court declines to issue a certificate of appealability

14      Based upon the foregoing, the Court **ORDERS**:

15    1.     The Findings and Recommendations issued on May 2, 2025 (Doc. 24) are

16        **ADOPTED** in full.

17    2.     The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

18    3.     The Clerk of the Court is directed to **CLOSE** the case.

19    4.     The Court **DECLINES** to issue a certificate of appealability.

20

21  IT IS SO ORDERED.

22      Dated: __September 30, 2025__           */s/ Jennifer L. Thurston*

                                                                         UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28